UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CURTIS W. ADAMS, ET AL.**,<br><br>Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A., ET AL.**,<br><br>Defendants. | Case No. 13-cv-05164-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 23 |

Plaintiffs Curtis W. Adams and Francis R. Adams, acting *pro se*, filed their complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] in the Superior Court of California, County of Alameda, on September 24, 2013. By Notice of Removal filed November 11, 2013, the complaint was removed to this Court. (Dkt. No. 1, Exhibit A, "Complaint.")

Now pending before this Court is Wells Fargo's Motion to Dismiss. The Court having reviewed the motion, opposition, complaint, and other papers on file in this matter, and for the reasons stated herein, **ORDERS** that the Motion to Dismiss is **GRANTED.** The dismissal as to the TILA loan origination claims is with prejudice, since the *res judicata* bar of these claims would make any amendment futile. However, Plaintiffs are given leave to amend on their other claims concerning foreclosure procedures, alleged loan modification agreement, and false credit reporting in conformity with the Order.

---

[1] Plaintiffs' complaint names as defendant "Wells Fargo Bank, N.A., aka Wells Fargo Mortgage, f/k/a Wachovia Mortgage, FSB, f/k/a/ World Savings" (Complaint at ¶2.) Wells Fargo seeks judicial notice of official documents establishing that World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB" and later merged into Wells Fargo Bank, N.A. (Request for Judicial Notice ("RJN"), Exh. B-F.) In addition, Wells Fargo seeks judicial notice of official records including the deed of trust, and documents filed in a class action in this district. As all documents are proper subjects for judicial notice, the RJN is **GRANTED**.

### I. PROCEDURAL SUMMARY

Plaintiffs allege fourteen claims: (First) "business tort/unfair and unethical business practices;" (Second) breach of the covenant of good faith and fair dealing; (Third) slander of title; (Fourth) alter ego liability; (Fifth) breach of contract; (Sixth) unjust enrichment; (Seventh) unlawful business practices in violation of California Business & Professions Code § 17200; (Eighth) predatory lending in violation of the Truth in Lending Act ("TILA"); (Ninth) violation of California Civil Code section 2923.16 and section 1572 *et seq*.; (Tenth) defamation by reporting false credit information; (Eleventh) false light; (Twelfth) cancellation of assignment of deed of trust; (Thirteenth) cancellation of a voidable contract under the California Tax Code, Rev. & Tax Code sections 23304.1, 23305A, Corporations Code section 191(C)(7); and (Fourteenth) intentional misrepresentation in violation of California Civil Code sections 1572, 1709, and 1710.

The factual allegations fall into four categories: (1) loan origination; (2) defects in the foreclosure process; (3) loan modification; and (4) damage to Plaintiffs' credit by making false statements to credit reporting agencies. Plaintiffs allege that, during loan origination, Wells Fargo failed to disclose the terms of the loan properly, used "teaser rates" to conceal and induce acceptance of unfavorable loan terms, charged excessive fees, concealed prepayment fees, and failed to underwrite the loan properly. (Complaint ¶ 12(a-n).) Plaintiffs also allege that they sought a "Making Home Affordable Modification Agreement," but Wells Fargo failed to provide them with the "negotiated monthly payment in writing" and recorded a notice of default while the parties were "in negotiations." (Complaint ¶¶ 17-20.) Plaintiffs appear to allege that they were offered a loan modification which was deficient in that it "was not adjusted in relation to current market value; and the agreement required Plaintiff to make a substantially higher monthly mortgage payment." (Complaint ¶ 21.) Plaintiffs also allege that the notice of default and notice of trustee's sale are void because the requirements of Civil Code section 2923.5 were not met. (Complaint ¶¶ 40 & 41, 69 & 70.) All the factual allegations are incorporated into each of the claims, making the factual basis for the individual claims difficult to discern at times.

On November 27, 2013, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs failed to state

cognizable legal claims.  (Dkt. No. 7.)  Plaintiffs filed their response to that motion on December 10, 2013.  (Dkt. No. 14.)  Subsequently, and before a ruling on November 27, 2013 motion to dismiss issued, the case was reassigned to the undersigned on December 16, 2013.  (Dkt. No. 13.)  Defendant re-filed the motion to dismiss.  (Dkt. No. 23.)  The Court issued orders deeming the response brief filed by Plaintiffs as a response to the re-filed motion and referring the case to the Court's Alternative Dispute Resolution ("ADR") Unit for assessment.  (Dkt. Nos. 29, 30.)  After several meetings with the ADR Unit, the Court referred Plaintiffs to the Federal Pro Bono Project (Dkt. No. 43) and issued an order appointing counsel for the limited purpose of representation in the ADR process (Dkt. No. 44).  Further meetings and mediation sessions with ADR took place from August 2014 to January 2015.  After the filing of a notice that the ADR process had come to an end, on January 27, 2015, the Court issued a notice to the parties that the pending motion would be taken under submission for a ruling.  (Dkt. No. 60.)

## II.  DISCUSSION

### A.  *Res Judicata* Stemming from Prior Class Action Settlement

Wells Fargo first contends that all claims for relief here are barred by *res judicata* because Plaintiffs are members of a nationwide class, and that class action has fully resolved any and all claims they allege.  The Court agrees, but only in part.

Wells Fargo offers documents for judicial notice which show court approval of a class action settlement in the certified class action styled *Dolores Mandrigues, et al. v. World Savings, Inc., et al.*, Case No. 5:07-cv-4497-JF, and the related multi-district litigation in *In Re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation,* Case No. 5:09-md-2015-JF (the "Class Action").  (RJN Exh. G [Order Granting Final Approval of Class Action Settlement].)  In that order granting approval of the class action settlement, the Class Action included all borrowers under "Pick-A-Payment" loans issued by World Savings Bank, FSB between August 1, 2003, and December 31, 2008.  (RJN Exh. G at 5:25-27.)  Evidence submitted reveals that Plaintiffs are members of the class in that Class Action and did not opt out.  (*See* RJN, Exh. H [Opt Out List]).  The Class Action resulted in a dismissal of claims with prejudice once the Court approved the Class Action Settlement and entered judgment on May 17, 2011.  (RJN Exh. I

[Class Action Judgment]).

The question now becomes what claims were deemed dismissed.[2] A court-approved class action settlement bars new claims by members of the class that were released as part of that settlement. Otherwise, "restricting the *res judicata* effect of class action settlements would lessen a defendant's incentive to settle." *Durkin v. Shea & Gould*, 92 F.3d 1510, 1518 (9th Cir. 1996) (*quoting Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 649 (N.D. Cal. 1978); *see also TBK Partners, Ltd. v. Western Union Corp.,* 675 F.2d 456, 460 (2d Cir. 1982) ("in order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.").

Here, the Class Action Settlement included a release by all those included in the class definition of the "(1) 'Alleged Claims' and all claims 'arising out of the Alleged Claims, the origination of the Settlement Class Member's Pick–a–Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick–a–Payment mortgage loan's potential for negative amortization, the disclosure of the Pick–a–Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.'" (Case No. 5:09-md-2015-JF, Dkt. No. 112 [Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement] at 12 and Exh. A [Agreement and Stipulation of Settlement of Class Action] at 31-32.)[3] The full release provision in the Class Settlement states:

---

[2] Plaintiffs' opposition to the motion appears to have been copied directly from another action, since it references claims and entities that are not alleged to be part of this action. It does not address the *res judicata* issue at all.

[3] "Alleged Claims" were defined as "claims that are alleged in the Lawsuit and the Related Actions, including, but not limited to, claims that the Defendants and the Additional Defendants violated TILA, state unfair competition laws, state unfair and deceptive trade practices statutes, and state consumer protection laws; breached the terms of the Parties' contracts; engaged in fraudulent misrepresentation or omissions; and breached the implied duty of good faith and fair dealing in connection with the Plaintiffs' Pick–a–Payment mortgage loans by failing to adequately disclose the loans' potential for negative amortization, providing Borrowers with inaccurate payment schedules, failing to disclose the interest rates on which those payment scheduled were

4

> A. **The Release**: In consideration for the Settlement Benefits described herein, each and all of the Plaintiffs hereby agree to and by operation of law shall be deemed to agree to fully, finally, and completely release and forever discharge the Alleged Claims and any and every actual or potential known or unknown claim, liability, right, demand, suit, matter, obligation, damage, loss or cost, action or cause of action, of every kind and description that the Releasing Party has or may have, including assigned claims and Unknown Claims, asserted or unasserted, latent or patent, that is, has been, or could have been or in the future might be asserted by any Releasing Party in the Lawsuit, the Related Actions, any other case consolidated in the Lawsuit, or in any other action or proceeding in this Court, or any other court, administrative venue, tribunal or arbitration or other forum, regardless of the type or amount of relief or damages claimed, against any of the Released Entities *arising out of* the Alleged Claims, the origination of the Settlement Class Member's Pick-a-Payment mortgage loan, the manner in which the Defendants applied the Settlement Class Member's payments to principal and interest, negative amortization, the Pick-a-Payment mortgage loan's potential for negative amortization, the disclosure of the Pick-a-Payment mortgage loan's potential for negative amortization, and the disclosure of the manner in which payments would be applied to principal and interest.

(Northern District of California Case No. 5:09-md-2015-JF, Dkt. No. 112, Exh. A at 31-32, emphasis supplied.)

Based on that release, and the judicially noticeable documents indicating Plaintiffs' membership in the Class, the Court agrees that the Class Settlement would bar any claims to the extent they rely on allegations of misleading statements at the time of loan origination and insufficient disclosures. Less clear is the extent to which "any and all" claims would have been released by a class action settlement, as Wells Fargo argues. While Wells Fargo cites to authorities regarding *res judicata* generally, it does not take into account the limits of the release in the court-approved Class Settlement here.

Thus the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to Plaintiffs' Eighth Cause of Action for predatory lending in violation of TILA, the claim based solely upon origination and disclosure issues, and to any other claim to the extent that it relies on the

---

based, and failing to disclose the terms of the Parties' legal obligations, entitling them to damages, statutory penalties, restitution, punitive damages, interest, attorneys' fees, costs, injunctive relief, and other legal or equitable relief under state and federal law." (Case No. 5:09-md-2015-JF, Dkt. No. 112 [Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement] at 12 and Exh. A [Agreement and Stipulation of Settlement of Class Action] at 12-13.)

allegations in the Complaint concerning origination and disclosures. However, dismissal of the remaining claims on *res judicata* grounds is not supported on the record before the Court.

### B.   Other Grounds for Dismissal

In addition to its *res judicata* argument, Wells Fargo asserts a number of grounds for dismissal of each of the remaining claims. Among other things, Wells Fargo argues:

- claims based upon an alleged agreement to modify Plaintiffs' loan and based upon violation of California Civil Code section 2923.5 are preempted under the "servicing" prong (12 C.F.R. section 560.2(b)(10)) of the regulations implementing the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*;
- the claims are barred by the applicable statutes of limitations;
- the Complaint fails to set forth the elements of a breach of contract, the basis for a claim of unjust enrichment, or the basis for any alleged duty with respect to the alleged loan modification;
- as to the credit reporting claims, the allegations do not identify any false statements, and "may" be preempted by the federal Fair Credit Reporting Act, 15 U.S.C. section 1681a *et seq.*;
- claims related to assignment of the deed of trust are made against parties not named here. (*See* Complaint at ¶91, 98: "*BOA/BNY* nor any of the foreclosing defendants did not have standing or the legal authority to assign the deed of trust which purportedly secures the note" and alleging that assignment was conducted by *MERS*.)

The Court considers Wells Fargo's arguments in the context of the remaining factual categories of alleged claims identified on page 2 above.

### 1.   *Foreclosure Procedures*

Plaintiffs' First (unfair business practices), Third (slander of title), Seventh (Business & Professions Code section 17200 ["UCL"])[4], Ninth (violation of Civil Code section 2923.5), and Fourteenth (intentional misrepresentation) Claims for Relief are all based on Wells Fargo's alleged

---

[4] Plaintiffs allege multiple bases for their UCL claim.

6

failure to comply with the legal prerequisites to foreclosure set forth in California Civil Code section 2923.5. Wells Fargo argues that these claims should be dismissed as preempted by HOLA. This argument is without merit. *See Mabry v. Sup. Ct.*, 185 Cal.App.4th 208, 230 (2010) (Civil Code Section 2923.5 is not preempted by HOLA); *Harris v. Wachovia Mortg. FSB*, 185 Cal.App.4th 1018, 1025-26 (HOLA does not preempt state law such as uniform commercial codes, or those governing real property, torts or voluntary contracts) (2010). Similarly, although Wells Fargo asserts in its notice of motion that these claims are barred by the applicable three- and four-year statutes of limitations, its actual arguments on this point are limited to the Complaint's allegations regarding loan origination. Such arguments are without legal merit as to the foreclosure-related claims, which the Complaint alleges to have arisen within the limitations periods.

Wells Fargo also argues generally that Plaintiffs have not pleaded sufficient facts to establish these claims and that they are barred by the "common interest privilege" set forth in Civil Code section 47 and section 2924(d). While nonjudicial foreclosure proceedings are subject to the qualified common interest privilege stated in section 47, subdivision (c)(1), they are not subject to an absolute privilege, as Wells Fargo seems to suggest. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 340-41 (2008) (by enacting section 2924(d), the Legislature did not intend to "immunize the beneficiary (the creditor under the deed of trust) from even a *malicious* initiation of nonjudicial foreclosure that might wrongfully deprive the trustor of the property that secures the debt"). The Court notes that neither Wells Fargo's Request for Judicial Notice nor its Notice of Removal attached a copy of the Notice of Default Plaintiffs allege is false and insufficient. However, Plaintiffs allegations of falsity are vague and generalized and, to the extent they include allegations of fraud or misrepresentation, do not allege the facts of such misrepresentations with the necessary specificity.

The motion to dismiss these claims is therefore **GRANTED WITH LEAVE TO AMEND** *only* on the grounds that the claims were not alleged sufficiently. In amending, Plaintiffs are directed to allege any false statements in the Notice of Default with sufficient particularity, as well as the particulars of any other defects in the Notice of Default in violation of section 2923.5, and any

7

basis for avoiding the qualified common interest privilege in section 47(c)(1) on their slander of title claim.

### 2. *Loan Modification*

Plaintiffs' Fifth (breach of contract) and Seventh (UCL) Claims for Relief are based on allegations that Wells Fargo "refused to agree to reasonable debt reduction terms" (Complaint ¶ 48), and "promis[ed] homeowners loan modifications that [Wells Fargo had] no intention of actually providing" (*id.* at ¶ 60). Contrary to Wells Fargo's suggestions in its motion, claims alleging a promise of a loan modification, breach of a duty to act in good faith in offering a loan modification, or breach of a duty to process a loan modification with due care are all cognizable under California law. *See Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 930 (2013) (promissory estoppel and enforceability of trial modification); *Alvarez v. Bac Home Loans Servicing, L.P.,* 228 Cal.App.4th 941, 948-51 (2014) (duty of careful processing); *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 76 (2013) (lenders have an obligation to act in good faith in deciding whether to offer borrowers a loan modification or foreclosure alternative). Nevertheless, Plaintiffs' Complaint does not include sufficient allegations to state such claims. Thus, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** on these claims.

### 3. *Credit Reporting*

In their Tenth (defamation) and Eleventh (false light) Claims for Relief, Plaintiffs allege that Wells Fargo made false allegations and published false information to others which have damaged their credit and reputation. As Wells Fargo argues, even if these claims are not preempted by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* Plaintiffs must still allege that the information published was false and published with malice or a willful intent to cause injury. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009). The Court agrees. Here, it is unclear exactly what false information Plaintiffs contend Wells Fargo published, nor have Plaintiffs alleged malice or willfulness. Consequently, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** as to these claims.

### 4. *Claims Unintelligible or Not Cognizable As Alleged*

The allegations in Plaintiffs' complaint as to their Second (breach of covenant of good

faith and fair dealing), Fourth (alter ego liability), and Sixth (unjust enrichment) Claims for Relief, which essentially just incorporate other allegations without setting forth any theory of liability, are so unclear as to make them unintelligible.  Plaintiffs' Twelfth Claim for Relief to Void or Cancel the Assignment of the Deed of Trust apparently asserts a theory of relief not cognizable under California law.  *See Mendoza v. JPMorgan Chase Bank, N.A.,* 228 Cal. App. 4th 1020, 1030-34 (2014) (plaintiff "did not have standing to challenge a vast array of irregularities in the transfer of rights and obligations under assignments and substitutions").  Finally, the allegations in the Thirteenth Claim for Relief relate only to MERS, which has not been named as a party.  Thus, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** on these claims.

## II.   CONCLUSION

Much of Plaintiffs' Complaint, like their opposition to the motion to dismiss, appears to be copied from other pleadings in other cases and, in parts, wholly unrelated to any facts alleged here.  Given the uncertainty created by Plaintiffs' careless drafting, the Court cannot determine whether Plaintiffs may be able state a plausible claim here.  Leave to amend is liberally granted, particularly when plaintiffs are self-represented and have not yet been given an opportunity to amend their complaint.  However, in amending their complaint, Plaintiffs are cautioned that they will be held to the same standards as any other litigant, as set forth in Rule 11 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P 11(b) (a party's signature on a document submitted to the court certifies, among other things, that the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" to the best of the person's knowledge after a reasonable inquiry).

The Court further notes that Plaintiffs may seek assistance at the Court's Legal Help Center.  The Legal Help Center may assist persons who do not have lawyers if they make an appointment.  The Legal Help Center's phone number is (415) 782-8982 and its website is http://cand.uscourts.gov/helpcentersf.

Consequently, the Wells Fargo's Motion to Dismiss is:

9

(1) **GRANTED WITHOUT LEAVE TO AMEND** as to the Eight Claim for Relief under TILA; and

(2) **GRANTED WITH LEAVE TO AMEND** as to all other claims.

Plaintiffs may file an amended complaint no later than **April 21, 2015**. If no amended complaint is filed by that date, this action will be dismissed.

Defendants shall have 21 days from the filing of any amended complaint to file a responsive pleading.

This Order terminates Dkt. No. 23.

**IT IS SO ORDERED.**

Dated: March 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**