**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CURTIS W. ADAMS, ET AL.**, <br> Plaintiffs, <br> v. <br> **WELLS FARGO BANK, N.A., ET AL.**, <br> Defendants. | Case No.: 13-CV-5164 YGR <br><br> **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

Plaintiffs Curtis W. Adams and Francis R. Adams, acting *pro se*, (collectively, "the Adams" or "Plaintiffs") filed their complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] in the Superior Court of California, County of Alameda, on September 24, 2013. By Notice of Removal filed November 11, 2013, the complaint was removed to this Court. (Dkt. No. 1, Exhibit A, "Complaint.")

Wells Fargo filed a motion to dismiss all claims for relief in the original complaint. After a lengthy delay due to several mediation conferences, the Court granted the motion to dismiss with leave to amend, with the exception of the Adams' eighth claim for violation of the Truth In Lending Act which was dismissed without leave to amend. (Dkt. No. 61, Order Granting Motion to Dismiss with Leave to Amend, entered March 30, 2015.)

On July 9, 2015, the Adams filed a motion for extension of time to file an amended complaint, which the Court granted. (Dkt. Nos. 64, 65.) The Adams filed a First Amended

---

[1] Wells Fargo again seeks judicial notice of official documents establishing that World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB" and later merged into Wells Fargo Bank, N.A. (Request for Judicial Notice ("RJN"), Dkt. No. 68.) In addition, Wells Fargo seeks judicial notice of official records including the deed of trust, as well as this Court's prior order on the motion to dismiss the original complaint. As all documents are proper subjects for judicial notice, the RJN is **GRANTED**.

Complaint ("FAC") on July 27, 2015. (Dkt. No. 66.) The instant motion to dismiss the FAC followed. (Dkt. No. 67.) The Adams failed to file a timely opposition and the Court issued an order *sua sponte* extending the Adams' time to respond. (Dkt. No. 69.) The Adams then filed an opposition, and Wells Fargo filed a reply.

The Court, having reviewed the motion, opposition, reply, amended complaint, and other papers on file in this matter, and for the reasons stated herein, **GRANTS** the Motion to Dismiss the First Amended Complaint without leave to amend. The FAC does not cure the defects enumerated in the Court's prior order granting leave to amend, and the Adams' opposition does not offer any reason to believe that further opportunities to amend would result in a viable complaint.

**I.   BACKGROUND**

On August 9, 2006, plaintiffs borrowed $365,000 from World Savings Bank, FSB ("World Savings") secured by a Deed of Trust recorded against 1640 63rd Street, Berkeley, California (the "Property"). (RJN Exhs. B and C – Note and Deed of Trust, respectively). Effective January 1, 2008, World Savings was renamed Wachovia Mortgage, FSB. In November 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. (hereinafter collectively, "Wells Fargo"). (RJN Exh. D.) Plaintiffs allege that the "foreclosing party" here "did not own Plaintiffs debt because one or more of the assignments of her debt were void[;]…while Plaintiff[s] owed a debt to someone, they contend that they did not owe it to the entity that is threatening foreclosure on their home." (FAC at 5:22-26.)

The FAC asserts claims denoted as: (1) violation of California Civil Code section 2923.5, (2) slander of title, (3) intentional misrepresentation, (4) breach of contract, (5) breach of contract, (6) unjust enrichment, (7) unlawful business practices in violation of California Business & Professions Code section 17200, (8) violation of Civil Code section 2923.6, (9) defamation, (10) false light, and (11) intentional misrepresentation in violation of Civil Code sections 1572, 1709 and 1710.[2]

---

[2] The FAC removed all paragraph numbering, making comparisons between the original complaint and FAC challenging. Also, a number of the general preamble paragraphs of the FAC repeat earlier paragraphs. (Compare FAC at 9:2-10:5 and 10:15-11:19.)

United States District Court
Northern District of California

## II. APPLICABLE STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiffs. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). This "facial plausibility" standard requires the plaintiffs to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," plaintiffs must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiffs have stated a claim upon which relief can be granted, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

In addition, claims based upon fraud must satisfy a heightened pleading standard under which "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 765 (9th Cir. 2007). And they must be specific enough to give a defendant

3

notice of the particular misconduct alleged to constitute the fraud such that the defendant may defend against the charge. *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985).

**III.   ANALYSIS**

As a general matter, a great deal of the FAC is simply broad, general pronouncements about non-judicial foreclosures, the history of the real estate boom and bust, the societal benefits of homeownership and the like—not allegations of material facts to establish any claim that plaintiffs are entitled to relief for a violation of the law. Parts of the pleading appear to have been copied directly from other briefs and legal articles, and are not tied to the actions of the parties here by any facts alleged. Reading the FAC liberally but with the applicable pleading standards in mind, and bearing in mind that Plaintiffs have already been given an opportunity to amend the allegations, the Court now examines each claim in turn.

**A.   First Claim for Relief - California Civil Code § 2923.5**

Plaintiffs previously attempted to state claims for violation of California Civil Code section 2923.5, violation California Business and Professions Code section 17200 ("the UCL"), and intentional misrepresentation, all based on alleged failure to comply with the legal prerequisites to foreclosure set forth in section 2923.5. In granting the motion to dismiss the complaint, the Court directed Plaintiffs to allege the defects in the foreclosure process more clearly in any amended complaint.

The allegations in Plaintiffs' amended claim for violation of section 2923.5 now add several pages of discussion concerning housing policy and the reasons for enactment of the Homeowners' Bill of Rights legislation. The FAC also alleges that Defendants deliberately and intentionally entrapped Plaintiffs into a bad faith loan, and that the sale of their loan as a mortgage-backed security meant that they could no longer communicate with the owner of the loan, but only the servicer. The only factual allegations tied to the conduct of the parties here are that defendants and each of them engaged in egregiously unfair and deceptive lending practices to "steer" Plaintiffs into their loan, and that Plaintiffs are attempting to obtain a loan modification. While labeled as a claim under section

2923.5, Plaintiffs also allege that defendants' conduct constituted unlawful business practices prohibited by the UCL.

The allegations fail to state either a claim under section 2923.5 or the UCL. In granting the motion to dismiss, Plaintiffs were given direction to amend their allegations "to allege any false statements in the Notice of Default with sufficient particularity, as well as the particulars of any other defects in the Notice of Default in violation of section 2923.5." (Order, Dkt. No. 61, at 7.) Plaintiffs have not done so. The new allegations, like those in the original complaint, are conclusory and do not assert any particular actions by Wells Fargo. The FAC does not allege facts indicating that Wells Fargo failed either to contact, or diligently attempt to contact, Plaintiffs prior to filing a notice of default as required by section 2923.5. Nor do Plaintiffs allege the details of any unfair fraudulent, unfair, or unlawful conduct directed at them by Wells Fargo. The generalized allegations in the FAC, which do not state facts related to any conduct between Plaintiffs and Wells Fargo, are simply insufficient to state a claim, regardless of the theory Plaintiffs intended to state.

Further, to the extent that the claim is based upon steering Plaintiffs into a loan or other conduct at the inception of the loan, it would be time-barred, since Plaintiffs entered into their loan more than four years ago. *See* Cal. Bus. & Prof. Code § 17208, Cal. Code Civ. Proc. § 338. As a result, Plaintiffs' first claim fails.

**B.     Second Claim for Relief – Slander of Title**

In dismissing this claim in the original complaint, Plaintiffs were warned that their allegations of falsity and misrepresentation were too vague and generalized and that any amended complaint would need to allege a "basis for avoiding the qualified common interest privilege in section 47(c)(1) on their slander of title claim." (Order at 7.) Plaintiffs' FAC fails on both counts. Plaintiffs do not allege any false publication by Wells Fargo, much less one that would not be privileged. Instead, they allege that "defendant" was involved in a national trend of highly exaggerated property values, a proliferation of extremely risky loan instruments, fraudulent inducement and coercion to enter into these debt traps" which led to major economic collapse in the nation and to Plaintiffs' "ensnarement" in a mortgage with excessive finance charges. (FAC at 18:1-19.) These allegations do not state a

claim for slander of title, or any readily cognizable claim against Wells Fargo. And, again, since the allegations seem to focus on initiation of the loan, they would be time-barred under a three- or four-year statute of limitations.

### C. Third Claim for Relief – Intentional Misrepresentation

Plaintiffs' allegations in the FAC are focused on their claim that the deed of trust here was securitized and converted into a mortgage-backed security. Plaintiffs allege that they signed the deed of trust without understanding its true nature and that the designated beneficiary, Mortgage Electronic Registration Systems, Inc. was not legally authorized to conduct business in the State of California. Plaintiffs argue that this makes their deed of trust void and voidable.

The allegations here are insufficient to state a claim of intentional misrepresentation. Plaintiffs do not allege false statements made to them by Wells Fargo, nor do they allege the particulars of any fraudulent conduct under the higher pleading standard required for such allegations. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989); Fed. R. Civ. P. 9(b). Thus, the FAC fails on this claim as well.

### D. Fourth Claim – Breach of Contract

Plaintiffs' new Fourth Claim for Relief in the FAC, labeled as one for breach of contract, asserts that "Plaintiffs have properly alleged that Defendants have breached the provisions within the note and deed of trust with regard to Defendants obligation to apply payments made by Plaintiffs to interest and principal…[and] Defendants' demurrer should be overruled." (FAC at 20:24-21:4.) The FAC alleges no facts in support of this breach of contract claim, but instead seems to have copied language from a brief in opposition to a demurrer in state court. The new allegations do nothing to cure the defects the Court previously identified in the original complaint and, indeed, compound the defects in the claim.

### E. Fifth Claim for Relief - Breach of Contract

Plaintiffs' Fifth Claim for Relief is also labeled "breach of contract." The Court dismissed the Adams' prior claim for breach of contract because it alleged no more than that defendants had refused to agree to a loan modification. Plaintiffs' amended breach of contract claim (Fifth Claim

for Relief) repeats this same allegation, but adds two new sets of allegations: (1) that "Defendants" used language "that inferred that they would assist in lowering Plaintiffs [*sic*] loan payments within affordable and sustainable ranges" but never intended to do so; and (2) a lengthy exposition on various forms of "Predatory Loan Modifications" whereby servicers "often" accept trial payments knowing a modification will be denied, and stating that World Savings…would contact a borrower and offer sham modification deals.  (FAC 23:19-24:19.)

The allegations Plaintiffs added are general and conclusory, never stating any particular conduct of Wells Fargo in relation Plaintiffs.  The FAC alleges "common practices" and "usual" conduct, but never what actually happened here.  More significantly, the FAC still does not allege the contract between Plaintiffs and defendants, its terms, or how it was breached.  Thus, the FAC does not cure the deficiencies in this claim that the Court previously identified.

### F. Sixth Claim for Relief – Unjust Enrichment

The Court previously dismissed Plaintiffs' claim for unjust enrichment because it simply incorporated all other allegations without alleging any facts, making the basis for the claim unintelligible.  In the FAC, Plaintiffs now allege that Wells Fargo has been unjustly enriched at their expense because it "purposely misled Plaintiffs" and provided a Deed of Trust that is "wrought with ambiguities and errors…[and] engineered to be fraudulent."  (FAC at 25:7-14.)  A common law claim for unjust enrichment or restitution requires a plaintiff to plead receipt of a benefit and unjust retention of that benefit by defendant at the expense of the plaintiff.  *Lectrodryer v. SeoulBank,* 77 Cal. App. 4th 723, 726 (2000).[3]  The FAC fails to allege any facts to establish that Wells Fargo

---

[3] California authorities consistently recognize a common law claim based on principles of reimbursement due to unjust enrichment.  *See, e.g. Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015) (discussing cause of action for unjust enrichment entitling plaintiff to reimbursement); *Hirsch v. Bank of Am.*, 107 Cal. App. 4th 708, 721-22 (2003) (plaintiffs stated "a valid cause of action for unjust enrichment based on" the defendants' unjust retention of fees at the expense of plaintiffs); *Lectrodryer*, 77 Cal.App.4th at 726 (plaintiff "satisfied the elements for a claim of unjust enrichment" by alleging receipt and unjust retention of a benefit at the expense of another); *see also* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 1 (2011) ("A person who is unjustly enriched at the expense of another is subject to liability in restitution.").

unjustly retained any benefit from Plaintiffs. While they again loosely allege fraud, Plaintiffs do not allege any specifics of any fraudulent conduct, as they must in order to state a viable claim. Thus, the unjust enrichment claim fails.

### G. Seventh Claim -- Violation of Business & Professions Code § 17200

Plaintiffs' Seventh Claim for violation of Business & Professions Code § 17200 in the original complaint was based on allegations that Wells Fargo engaged in "fraudulent business." Most of the allegations were generalized and had no specific tie to the Plaintiffs, such as allegations that defendants: promise homeowners loan modifications that they have no intention of actually providing; refuse to agree to reasonable debt reduction terms; demand unnecessary documents; and demand payments when a foreclosure had already taken place. The only allegations that were even marginally specific to Plaintiffs were that "defendants" intentionally misle[d] Plaintiffs' into believing that a foreclosure had not occurred or had been entered in error." (Original Complaint ¶ 59.) The Court dismissed the claim on the grounds that Plaintiffs allegations of falsity were vague and generalized and, to the extent they include allegations of fraud or misrepresentation, did not allege the facts of such misrepresentations with the necessary specificity.

The FAC repeats the original allegations of this claim *verbatim*. Having failed to amend the claim to cure the defects, it must be dismissed.

### H. Eighth Claim – Civil Code § 2923.6

While the Eighth Claim in the FAC is entitled "Violation of Civil Code § 2923.6," Plaintiffs do not allege the elements of such a claim or any facts to establish those elements. Instead, Plaintiffs repeat the identical allegations as were stated in their *Seventh* Claim.

A claim under section 2923.6 would require Plaintiffs to allege that they had completed an application for a first lien loan modification and that a notice of default had been filed without following the timelines and review procedures set forth in the statute. *See* Cal. Civ. § 2923.6(c)-(e). Plaintiffs do not allege such facts, in this claim or elsewhere in their FAC. The Eighth Claim therefore fails.

### I.    Ninth and Tenth Claims – Defamation and False Light

Although the Adams' claims for defamation and false light were dismissed previously by the Court with leave to amend, they failed to amend the claims in the FAC. The allegations in the Ninth and Tenth Claims simply repeat the exact same allegations as in the original Complaint. As the Court stated previously, with respect to the defamation and false light claims, the Adams were required to allege the false information at issue, that the information published was false, and that it was published by defendant with malice or a willful intent to cause injury. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009). Because Plaintiffs did not amend the deficient allegations of these claims, they must be dismissed.

### J.    Eleventh Claim – Intentional Misrepresentation in Violation of Civil Code §§ 1572, 1709 and 1710

In their claim for Intentional Misrepresentation in the original Complaint [formerly their Fourteenth Cause of Action], Plaintiffs alleged that they requested a modification of their loan, but Wells Fargo failed to contact or reasonably engage them in a process to explore alternatives to foreclosure. Plaintiffs further alleged that "Wells Fargo Bank's abrasive, deceptive, and evasive conduct alleged herein violated is a willful and intentional violation of California Civil Code §§ 1572 [actual fraud], 1709 [fraudulent deceit], and 1710[deceit]." (Complaint ¶ 103.) Like other claims alleging fraud, the Court dismissed this claim for failure to allege fraud and misrepresentation with the specificity required.

The allegations of the FAC repeat those in the original Complaint and add conclusory assertions that the original credit grantor and subsequent acquirers and servicers did willfully and intentionally engage in business activities in violation of several federal statutes (*i.e.*, 15 U.S.C. § 78ff; "16 USC § 1692a"; 18 U.S.C. § 1001, 1002; and 42 U.S.C. § 1986). None of the referenced federal statutes bear any relation to the allegations here. The FAC does not state factual allegations of misrepresentation, much less factual allegations meeting the heightened fraud pleading standard. Nor does the FAC state facts to establish a claim for violation of section 2923.5 (concerning

contacting borrowers about foreclosure alternatives) or 2923.6 (concerning notifying borrowers of the results of a loan modification application).

### IV.  CONCLUSION

In summary, Plaintiffs have failed to allege facts to state a claim.  Although it is apparent from the allegations in the FAC that Plaintiffs wish to contest the foreclosure on their home, and to obtain damages arising therefrom, Plaintiffs do not allege facts to support any legal theory entitling them to such relief.  Wells Fargo's Motion to Dismiss the FAC is therefore **GRANTED WITHOUT LEAVE TO AMEND**.

The action herein is **DISMISSED**.  Judgment in favor of Wells Fargo and against the Adams shall be entered.

This terminates Dkt. No. 66.

**IT IS SO ORDERED.**

Dated: October 26, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**